L. S. Brannon, *Plaintiff in Error,* v. State of Florida, *Defendant in Error.*

Division A.

Opinion filed April 6, 1929.

*James N. Daniel* and *T. E. Buntin,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Ellis, J.—L. S. Bannon was indicted for the crime of embezzlement in the sum of more than $500.00 which was alleged to be the property of Robert R. Carpenter. Upon a plea of not guilty the accused was convicted and sentenced.

The facts out of which the charge of embezzlement grew were briefly as follows: Brannon was a fire insurance agent at Marianna, Fla. He represented two or more fire insurance companies. Carpenter was an agent or solicitor for Brannon at Sneads, Fla. His services were under an agreement with Brannon to be paid for by the latter. The commission which the insurance companies allowed to Brannon upon the premiums received on policies of insurance were to be equally divided between Brannon and Carpenter on business secured by the latter.

Many policies of insurance which Carpenter procured to be issued at Sneads and the premiums on which were sent by him to Brannon were cancelled at different times and Carpenter procured other insurance to be issued in such cases and paid the premiums thereon and demanded of Brannon the return of the unearned premium upon the policies which had been cancelled.

Brannon failed to return it all but held back some of it on account of claims which he had against Carpenter arising upon other transactions, one of which was where Brannon had to pay a fire loss of $800.00 upon a policy of insurance which had been cancelled and in which Carpenter had neglected to notify the insured of such cancellation. Brannon held that Carpenter owed him that sum because the fault was Carpenter's and the sum which Brannon had to pay for Carpenter's fault was greater than Brannon owed to Carpenter on the other transaction.

We are of the opinion that the foregoing facts do not constitute embezzlement on the part of Brannon.

The judgment is reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.